IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BILLY RAY AGUILAR JR.,<br><br>Defendant. | 4:18CR3147<br><br>**FINDING, RECOMMENDATION AND ORDER** |

The defendant, Billy Ray Aguilar Jr., moved to suppress all evidence seized from his person and vehicle on August 8, 2018. (Filing No. 18) For the reasons discussed below, the motion should be denied.

## BACKGROUND

Just before midnight on August 7, 2018, a citizen reported that the window of a vehicle may have been shot out in a residential Grand Island neighborhood, near an elementary school. A rough description was given of two vehicles that were in the area and were possibly involved. One was a tan 4-door car, and the other was a white 4-door car. Upon receiving this report, the GIPD dispatched two officers to the area. GIPD Officer Crouch was in the area and he also responded.

As Crouch approached the area from the east, he saw two vehicles matching the description given over the radio. The vehicles were parked side-by-side, both facing east, with their lights on. One vehicle was in the roadway and the other was partially on the roadway and partially in the ditch. The vehicles were near the entrance to an elementary school, in a residential area, which would typically have very little traffic at that time of night. Crouch passed the vehicles, then he made a U-Turn and activated his lights. As he was turning, one of the two parked vehicles left the area.

Defendant Aguilar was the driver of the vehicle that remained parked. Crouch approached Aguilar's vehicle and spoke to Aguilar.

In response to Crouch's inquiries, Aguilar explained that he was having problems with his vehicle's tires, and he had pulled over and was talking to his friend. Crouch informed Aguilar that dispatch had received a call that one of the two vehicles had a window that had been shot out, and he asked if it was the other vehicle. Aguilar responded, "I didn't shoot nobody's windows out." Crouch said, "I didn't say you did…" (Ex. 1, dash cam video, 00:18:45 to 00:19:02). Crouch then asked Aguilar for his name. Aguilar did not produce any identification, but he did provide his name. Upon hearing the name, Crouch recognized Aguilar's name and his face.

Crouch explained that when he began working his shift for the police department in 2014, he heard his shift-mates talking about the investigation, felony conviction, and imprisonment of Aguilar. Crouch had discussed this previous case with his training officer, and when he saw Aguilar on August 8, 2018, Crouch recalled that Aguilar's prior conviction may have arisen from a shooting. Crouch knew Aguilar had been released from prison within the approximately six months prior to August 8, 2018, and from reviewing Aguilar's criminal history prior to that date, Crouch knew officers had previously investigated several reports of assaults committed by Aguilar.

Crouch asked Aguilar to step out of the vehicle, explaining "You're not under arrest, I'm just going to pat you for weapons, okay? Just 'cause [sic] we got a call on a gun." (Ex. 1, dash cam video, 00:19:40 to 00:19:50). Aguilar complied. Crouch performed a *Terry* frisk on Aguilar. A firearm was found in Aguilar's waistband, and he was handcuffed and placed in the back of the patrol vehicle. Aguilar was arrested for being a felon in possession of a firearm. Following his arrest, Crouch searched Aguilar's vehicle and discovered other evidence of criminal activity.

ANALYSIS

A police officer may conduct a brief, investigatory stop of an individual if the officer reasonably suspects that the individual is involved in criminal activity. U.S. v. Lawhorn, 735 F.3d 817 (8th Cir. 2013) (citing Terry v. Ohio, 392 U.S. 1 (1968). The officer may also conduct a patdown search of the individual if the officer believes that the individual is armed and dangerous. Id. Reasonable suspicion must be based on specific, articulable facts. Id. In determining whether an officer had reasonable suspicion based on specific, articulable facts, the court considers "the totality of the circumstances, allowing officers to draw on their experience and training." Lawhorn, citing United States v. Hughes, 517 F.3d 1013, 1016 (8th Cir. 2008).

Aguilar asserts that at the time Crouch decided to search Aguilar's person, Crouch lacked specific and articulable facts sufficient to support a finding of reasonable suspicion. Reasonable suspicion does not require absolute certainty; rather, an officer must observe "unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." Lawhorn citing Terry, 392 U.S. at 27.

The officers in this case were dispatched to a residential area near a school late at night to investigate two vehicles, one of which appeared to have a window shot out. The veracity of this call was confirmed when Crouch arrived in the area and found two vehicles parked on the road in a residential area near the school. When Crouch stated he was told one of the vehicles had a window shot out, Aguilar did not deny the report, Instead, he immediately stated he did not shoot out any windows. Once Aguilar's identity was known, Crouch also recalled Aguilar's criminal history, including prior assaults and a criminal conviction involving weapons and violence. Crouch also observed Aguilar's vehicle and the other

vehicle parked next to each other on a roadway, which was itself a violation of the law.

Given the foregoing facts, Crouch observed "unusual conduct" which could lead him "reasonably to conclude in light of his experience that criminal activity may be afoot." See Lawhorn, supra. Based on the totality of the facts, the officers had reasonable suspicion to believe that Aguilar was involved in criminal activity and/or armed and dangerous. Asking Aguilar to exit his vehicle and then performing a pat search of Aguilar's person did not violate Aguilar's Fourth Amendment rights.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 18) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before John M. Gerrard, Chief United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on **March 11, 2019**, or as soon thereafter as the case may be called, for a duration of three (3) trial days. This case is subject to the prior trial of criminal cases and such other civil cases as may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

January 31, 2019

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge