IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BILLY RAY AGUILAR JR, Defendant. | 4:18-CR-3147 ORDER |

This matter is before the Court on defendant Billy Ray Aguilar Jr.'s objection (filing 38) to the Findings and Recommendation and Order (filing 31) of the Magistrate Judge, recommending that the defendant's Motion to Suppress (filing 18) be denied. The Court has conducted a *de novo* review of the motion to suppress, pursuant to 28 U.S.C. § 636(b)(1). The Court concurs in the Magistrate Judge's factual findings, analysis, and conclusions of law. *See* filing 35. The Court therefore finds the defendant's objection to be without merit, and will adopt the Magistrate Judge's findings and recommendation.

Specifically, the Court rejects the defendant's contention that the Magistrate Judge erred in finding Officer Crouch credible. *See* filing 38 at 3. During the suppression hearing, Crouch testified that he was dispatched late one night to investigate two vehicles—one of which appeared to have a window shot out. Filing 32 at 8. When Crouch arrived in the area, he passed two stationary vehicles. Filing 32 at 8. One of those vehicles was parked partially in the ditch, and the other car was parked in the middle of the lane. Filing 32 at 8. Crouch began to make a U-turn, but as he did, one of the cars left. Filing 32 at 8. The car that remained was driven by the defendant. Filing 32 at 10. When Crouch approached Aguilar, Crouch "advised him that [the police] got a report of a vehicle that had a window shot out, to which [he] replied 'I didn't

shoot any windows.'" Filing 32 at 10. Crouch testified that he thought that response was odd. Filing 32 at 10. Then, after Aguilar identified himself, Crouch remembered that name from a previous charge involving a previous shooting offense. Filing 32 at 11.

This testimony, the defendant claims, is not credible because while Crouch cannot recall the "make, model, or color of the car he approached with Aguilar inside," he can remember "everything about Aguilar from five years ago"—specifically, his criminal history. Filing 38 at 2, 4. But the Court is not persuaded that Crouch's inability to recall specific details of the night in question, such as the color and make of Aguilar's car, necessarily makes his recollection of Aguilar's criminal conduct unreliable. Instead, the Court finds that the Magistrate Judge correctly concluded that based on the totality of the facts, Crouch observed "unusual conduct which could lead him reasonably to conclude in light of his experience that criminal activity may be afoot." Filing 31 at 4 (internal quotation omitted); *see also U.S. v. Lawhorn*, 735 F.3d 817 (8th Cir. 2013) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). So, the defendant's objection is overruled.[1]

The Court will therefore adopt the Findings and Recommendation.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation and Order (filing 31) are adopted.

2. The defendant's objection (filing 38) is overruled.

---

[1] The Court did not, and need not, rely on Crouch's previous report to determine Crouch's credibility. Filing 49-1 at 1-6.

2

3. The defendant's Motion to Suppress (filing 18) is denied.

Dated this 5th day of April, 2019.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge